UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDDY S. RUSSO and JUANA F. RUSSO,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION; SELECT PORTFOLIO SERVICING, INC.; BANK OF AMERICA, N.A.; FIRST FRANKLIN FINANCIAL CORPORATION; ORELIA E. MERCHANT; CLERK BRENNA MAHONEY; and DOES 1–10,<br><br>    Defendants. | **MEMORANDUM & ORDER**<br>25-CV-2804 (HG) (TAM) |

**HECTOR GONZALEZ**, United States District Judge:

  Plaintiffs Freddy and Juana Russo commenced this fee-paid *pro se* action, *see* ECF No. 1 (Complaint; "Compl."), which they style as a "Suit at Common Law Under Article III," *id.* at 1, challenging the proceedings in a prior case they brought in this District, *see Russo, et al. v. Wells Fargo Bank, National Association, et al.*, No. 24-cv-8632. As explained below, the Court dismisses this action *sua sponte*—that is, on its own—without prejudice for lack of subject-matter jurisdiction.

## BACKGROUND

  Plaintiffs bring four claims against Defendants and assert that "Article III, Section 2 of the U.S. Constitution" is the basis for the Court's jurisdiction. Compl. at 42.[1] Plaintiffs bring Count I against Judge Merchant, in her official capacity, alleging "judicial suppression and breach of Article III duty." *Id.* at 12. Judge Merchant presided over Plaintiffs' prior case in this

---

[1]   The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise indicated, when quoting cases, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.

District, which she dismissed pursuant to Rule 41(b), after issuing a warning, for Plaintiffs' failure to appear at multiple court conferences. *See Russo, et al.*, No. 24-cv-8632. Plaintiffs bring Count II against Brenna Mahoney, in her official capacity as the Clerk of Court, alleging "clerk suppression and docket misclassification," because she supposedly "prevent[ed] the lawful processing" of Plaintiffs' prior case. *Id.* at 15, 17. Plaintiffs further assert in Count III a claim against the same corporate defendants they previously sued: Wells Fargo Bank, National Association; Select Portfolio Servicing, Inc.; Bank of America, N.A.; and First Franklin Financial Corporation ("Corporate Defendants"). *Id.* at 18. Plaintiffs claim that the Corporate Defendants "engage[d] in a collusive attempt to dismantle lawful authority through abuse of civil procedure" when they filed pre-motion letters in the original case, in violation of "both the Seventh Amendment and the separation of powers." *Id.* at 19. Finally, Plaintiffs assert a claim in Count IV against all defendants, alleging "denial of redress and verdict at law," also in violation of the Seventh Amendment. *Id.* at 21–22.

## LEGAL STANDARD

Federal subject-matter jurisdiction is available when a "federal question" is presented, meaning a claim "arises under the Constitution or laws of the United States." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010); *see* 28 U.S.C. § 1331. However, there is no federal-question jurisdiction where "the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." *S. New England Tel. Co.*, 624 F.3d at 132; *see also Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) ("[T]he Supreme Court has . . . instructed that federal question jurisdiction under 28 U.S.C. § 1331 is lacking where the asserted claim for relief is essentially fictitious, wholly insubstantial, obviously frivolous, and obviously without merit.").

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

As an initial matter, because Judge Merchant and Clerk of Court Mahoney are entitled to judicial immunity, the claims against them—Counts I, II, and IV—are dismissed for lack of subject-matter jurisdiction. *See Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (a dismissal "based on a finding of judicial immunity" is for lack of subject-matter jurisdiction). Judges enjoy absolute immunity from suits alleging injuries arising from judicial acts performed in their judicial capacities. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Moreover, absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

Here, Plaintiffs' claims against Judge Merchant relate to her conduct as the presiding judge over their case, and the claims against Clerk of Court Mahoney concern her oversight of docketing procedures in the Clerk's Office, both of which fall squarely within their judicial capacities. Accordingly, those claims are barred by judicial immunity. *See Tapp v. Champagne*, 164 F. App'x 106, 108 (2d Cir. 2006) (affirming *sua sponte* dismissal of claims against judges protected by judicial immunity); *Kroger v. Richardson*, No. 19-cv-9053, 2019 WL 5080008, at *2 (S.D.N.Y. Oct. 10, 2019) (*sua sponte* dismissing *pro se* plaintiffs' fee-paid complaint against two judges because "the law is so clear with respect to judicial immunity").

To the extent Plaintiffs bring federal claims against suable entities (Counts III and IV), those claims are so "wholly insubstantial and frivolous" that they fail to raise a federal question

3

for purposes of jurisdiction. *S. New England Tel. Co.*, 624 F.3d at 132. A claim is "wholly insubstantial and frivolous" if it is "so patently without merit as to justify . . . the court's dismissal" for lack of jurisdiction. *Bell v. Hood*, 327 U.S. 678, 682–83 (1946). Plaintiffs assert that they were deprived of their Seventh Amendment jury trial right after the Corporate Defendants filed pre-motion letters, a standard practice in this District, and after they were "deni[ed] . . . redress and verdict at law." Compl. at 19–22. Because a "proper dismissal of an action pursuant to Rule 41(b) does not violate the Seventh Amendment," Plaintiff's Seventh Amendment claims fail to establish a colorable federal controversy. *Lewis v. Rawson*, 564 F.3d 569, 575 n.7 (2d Cir. 2009); *see also House v. Gen. Elec. Co.*, No. 23-cv-71, 2025 WL 1309602, at *5 n.12 (E.D.N.Y. Apr. 4, 2025) ("Defendants' motions to dismiss this case do not violate plaintiff's Seventh Amendment right to a jury trial."). Thus, these claims, too, are dismissed.

## CONCLUSION

For the reasons set forth above, all of Plaintiffs' claims are dismissed without prejudice for lack of subject-matter jurisdiction. Although Plaintiffs paid the filing fee to initiate this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment consistent with this Order, close this case, and mail a copy of this Order to *pro se* Plaintiffs.

SO ORDERED.

                                                             */s/ Hector Gonzalez*
                                                              HECTOR GONZALEZ
                                                           United States District Judge

Dated: Brooklyn, New York
         July 22, 2025